Jessica Margolis (JM-7786)
jmargolis@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Phone: 212.999.5800
Fax: 212.999.5899

M. Craig Tyler*
ctyler@wsgr.com
Jose C. Villarreal*
jvillarreal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Phone: 512.338.5400
Fax: 512.338-5499

*(*pro hac vice* admission to be requested)

*Attorneys for Defendant/Counterclaim-Plaintiff
Vignette Corporation*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILLENNIUM, L.P.,<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>VIGNETTE CORPORATION<br><br>        Defendant/Counterclaim-Plaintiff. | CASE NO.: 07-CV-4800 (BSJ)<br><br>ECF Case<br><br>JURY TRIAL DEMANDED |

## VIGNETTE CORPORATION'S ANSWER AND COUNTERCLAIMS

Defendant Vignette Corporation ("Vignette"), by its attorneys Wilson Sonsini Goodrich & Rosati P.C., hereby answers the Complaint of Plaintiff Millennium, L.P. ("Millennium") as follows:

### THE PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint, except admits that it is a corporation organized and existing under the laws of the State of Oregon and that it has a place of business at 1301 South MoPac Expressway, Suite 100, Austin, Texas 78746.

## JURISDICTION AND VENUE

3.      The allegations in paragraph 3 constitute conclusions of law to which no responsive pleading is required; to the extent a response is required, denies the allegations in paragraph 3 of the Complaint, except admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      The allegations in paragraph 4 constitute conclusions of law to which no responsive pleading is required; to the extent a response is required, denies the allegations in paragraph 4 of the Complaint, except admits that it conducts business in the Southern District of New York.

5.      The allegations in paragraph 5 constitute conclusions of law to which no responsive pleading is required; to the extent a response is required, denies the allegations in paragraph 5 of the Complaint.

## CLAIM FOR PATENT INFRINGEMENT

6.      Vignette repeats and realleges its responses to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits that a copy of United States Patent No. 5,258,855 ("the '855 patent") appears to be attached to the Complaint and respectfully refers the Court to this copy of the '855 patent for a complete and accurate recitation of its contents.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admits that a copy of United States Patent No. 5,369,508 ("the '508 patent") appears to be attached to the Complaint and respectfully refers the Court to this copy of the '508 patent for a complete and accurate recitation of its contents.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that a copy of United States Patent

No. 5,625,465 ("the '465 patent") appears to be attached to the Complaint and respectfully refers the Court to this copy of the '465 patent for a complete and accurate recitation of its contents.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that a copy of United States Patent No. 5,768,416 ("the '416 patent") appears to be attached to the Complaint and respectfully refers the Court to this copy of the '416 patent for a complete and accurate recitation of its contents.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admits that a copy of United States Patent No. 6,094,505 ("the '505 patent") appears to be attached to the Complaint and respectfully refers the Court to this copy of the '505 patent for a complete and accurate recitation of its contents.

12. The allegations in paragraph 12 constitute conclusions of law to which no responsive pleading is required; to the extent a response is required, denies the allegations contained in paragraph 12 of the Complaint.

### COUNT ONE

13. Vignette repeats and realleges its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

### COUNT TWO

16. Vignette repeats and realleges its responses to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

### COUNT THREE

19. Vignette repeats and realleges its responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

## COUNT FOUR

22. Vignette repeats and realleges its responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

## COUNT FIVE

25. Vignette repeats and realleges its responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

## COUNT SIX

28. Vignette repeats and realleges its responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

30. Vignette denies that Plaintiff is entitled to the judgment and relief requested or to any relief.

## DEMAND FOR JURY TRIAL

31. Vignette acknowledges that Plaintiff has requested a Jury Trial.

## GENERAL DEFENSES

32. Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

33. Vignette does not and/or has not directly or indirectly infringed any claim of U.S. Patent No. 5,258,855 ("the '855 patent"), U.S. Patent No. 5,369,508 ("the '508 patent"), U.S. Patent No. 5,625,465 ("the '465 patent"), U.S. Patent No. 5,768,416 ("the '416 patent") or U.S. Patent No. 6,094,505 ("the '505 patent") (collectively "the Asserted Patents").

34. Vignette does not and/or has not infringed the Asserted Patents directly or indirectly under the doctrine of equivalents.

### Second Affirmative Defense

35. Each claim of the Asserted Patents is invalid and/or unenforceable for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

36. Plaintiff is barred from asserting the Asserted Patents against Vignette, in whole or in part, by the doctrine of laches, estoppel, or acquiescence.

### Fourth Affirmative Defense

37. Plaintiff has failed to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

38. Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### Sixth Affirmative Defense

39. Vignette is informed and believes, and on that basis avers, that by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in one or more of the Asserted Patents, and by reason of the admissions and representations therein made by or on behalf of the applicant for one or more of the Asserted Patents, Plaintiff is estopped from construing the claims of one or more of the Asserted Patents, even if this were otherwise possible, to cover and include any acts of Vignette.

### Seventh Affirmative Defense

40. Millennium is not entitled to injunctive relief because any injury to Millennium is not immediate or irreparable, and Millennium has an adequate remedy at law.

### Eighth Affirmative Defense

41. Vignette currently has insufficient knowledge and information on which to form a belief as to whether it may have additional defenses available. Vignette reserves the right to

assert additional defenses or affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Vignette Corporation ("Vignette"), in support of its Counterclaim against Plaintiff/Counterclaim-Defendant Millennium, L.P. ("Millennium"), alleges as follows:

### THE PARTIES

1. Vignette is a corporation organized and existing under the laws of the State of Oregon, with its headquarters at 1301 South MoPac Expressway, Suite 100, Austin, Texas 78746.

2. On information and belief, Millennium is a limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business at Clifton House, 75 Fort Street, P.O. Box 190, George Town, Grand Cayman, Cayman Islands.

### JURISDICTION

3. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

### FIRST CLAIM FOR RELIEF:
### DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED PATENTS

4. Vignette re-alleges and incorporates by reference paragraphs 1 through 3 of this Counterclaim.

5. Based on Millennium's filing of the Complaint and Vignette's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether any of Vignette's products, services or activities infringe any valid claim of the Asserted Patents.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Vignette requests a declaration from the Court that Vignette does not infringe any claim of the Asserted Patents, either directly or indirectly.

## SECOND CLAIM FOR RELIEF:
## DECLARATION OF INVALIDITY OF THE ASSERTED PATENTS

7. Vignette re-alleges and incorporates by reference paragraphs 1 through 6 above.

8. Based on Millennium's filing of the Complaint and Vignette's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Vignette requests a declaration from the Court that the claims of the Asserted Patents are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Vignette prays that this Court enter judgment in its favor and grant the following relief:

A. Dismissal of the suit with prejudice based on one or more of Vignette's affirmative defenses;

B. A declaration that Vignette has not directly or indirectly infringed any claim of the Asserted Patents;

C. A declaration that the Asserted Patents are invalid;

D. A judgment that all claims against Vignette be dismissed with prejudice;

E. A judgment that Plaintiff take nothing by way of its Complaint;

F. This Court issue judgment declaring this case to be exceptional in favor of Vignette under 35 U.S.C. § 285 and award to Vignette its reasonable attorney fees and other expenses incurred in connection with this action under applicable law;

G. This Court grant to Vignette pre-judgment and post-judgment interest on all awards made; and

H. An award to Vignette of such further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Vignette demands a trial by jury on all issues so triable.

Dated: July 10, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _Jessica Margolis_
Jessica Margolis (JM-9786)
jmargolis@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Phone: 212.999.5800
Fax: 212.999.5899

M. Craig Tyler*
ctyler@wsgr.com
Jose C. Villarreal*
jvillarreal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-8497
Phone: 512.338.5400
Fax: 512.338-5499

*(*pro hac vice* admission to be requested)

*Attorneys for Defendant/Counterclaim-Plaintiff Vignette Corporation*